**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1609-18T2

FLORALBA AVENDANO,

    Petitioner-Appellant,

v.

TARGET CORPORATION,[1]

    Respondent-Respondent.

Submitted December 3, 2019 – Decided December 17, 2019

Before Judges Gilson and Rose.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2006-15760.

John E. Biggiani, Rothenberg, Rubenstein, Berliner & Shinrod, LLC, and The Blanco Law Firm, LLC, attorneys for appellant (Richard B. Rubenstein and Pablo N. Blanco, of counsel and on the brief; John E. Biggiani, on the brief).

---

[1]  Improperly pled as Target Stores.

Worthington & Worthington LLC, attorneys for respondent Target Corporation (Francis W. Worthington, on the brief).

PER CURIAM

Floralba Avendano appeals a Division of Workers' Compensation order, dismissing her claim of total disability under the odd-lot doctrine. We affirm.

While employed for Target Corporation in 2006, Avendano, then fifty-one years old, injured her lower back while unloading merchandise in the company's North Bergen store. Avendano initially settled her workers' compensation claim for 55% of partial total disability, with a credit to Target of 15% for prior functional loss. Following "significant" surgery and treatment, petitioner's claim was reopened and her award was modified by agreement to 75% of partial total disability, with a credit to the employer of 55% for the prior award.

Six months later – in the absence of "any additional authorized treatment" – Avendano sought a modification of her second settlement award, claiming she was totally disabled pursuant to the odd-lot doctrine. For the first time, Avendano claimed she was "unemployable given her medical disabilities and injuries, limited English, limited job skills and her age." Unable to settle her claim, the matter was tried before the workers' compensation judge. During the

2

A-1609-18T2

three-day trial, Avendano testified on her own behalf and presented the testimony of her vocational expert; Target presented the competing testimony of its vocational expert.

Utilizing a Spanish-English interpreter, Avendano stated she does not speak or understand English, and it is "very difficult" for her to read and write the language. Although she enrolled in a community college to learn English, Avendano claimed she did not complete the course. But on cross-examination, Avendano acknowledged she disclosed to evaluating doctors that she had "attained a [l]evel [two] proficiency" in her English as a Second Language class; was evaluated by Target's doctor without utilizing an interpreter; and passed the citizenship test – which she had taken in English – nine years prior. Avendano also testified she had received an accounting degree at an unspecified university in Colombia before immigrating to the United States.

In assessing Avendano's credibility, the judge cited the discrepancies in her testimony, and noted her observations of Avendano during questioning about her present medical condition. In particular, Avendano answered "a number of questions about whether [her] complaints had worsened since [her prior settlement] . . . before the court interpreter had finished his translation." The

judge thus concluded Avendano was "not a credible witness" having been "decept[ive] on the issue of her fluency in English."

The judge also determined Avendano's expert was not a credible witness. In evaluating his testimony, the judge cited the expert's need to reference his report to refresh his recollection "immediately upon the start of his testimony"; failure to consider the reports of Target's medical experts, relying instead upon the reports completed by Avendano's experts; and failure to review the transcript of Avendano's trial testimony.[2] Noting the expert "was a bit perfunctory in his testimony and often seemed to be testifying by rote[,]" the judge found "untenable" his refusal to change his opinion upon learning at trial that Avendano had attained an intermediate proficiency level in English. The judge therefore rejected the expert's conclusion that Avendano "was unemployable and not a candidate for rehabilitative services due to her age and her lack of English communication skills." In sum, the judge found the expert "was not a credible witness in that he was unprepared, did not read petitioner's transcript, did not read [Target]'s expert's report [sic], needed to refer to his report immediately upon the start of his testimony and to refresh his recollection."

---

[2] Avendano testified two months prior to her expert.

A-1609-18T2

Conversely, the judge credited the testimony of Target's expert, finding he was "very articulate" and he "was not impugned on cross-examination." Unlike Avendano's expert, Target's expert conceded facts that were favorable to Avendano, thereby bolstering his credibility. The judge concluded Target's expert was "worthy of th[e] [c]ourt's reliance on his testimony as he had better credentials, he was better prepared, he was more thorough, and more cogent, and his testimony showed . . . [Avendano] could be employed with assistance and rehabilitative counseling."

The judge issued an oral decision dismissing Avendano's application, thereby leaving undisturbed the second settlement award. Citing the testimony adduced at trial, medical evidence, and relevant case law, the judge concluded Avendano's "university degree in accounting in her native country, with further schooling in the United States involving English as a Second Language, d[id] not fit the textbook definition of an [o]dd-[l]ot petitioner."[3]

On appeal, Avendano raises the following points for our consideration:

> I. THE JUDGE OF COMPENSATION ERRED IN CONCLUDING THAT A FINDING OF NO

---

[3] Avendano's ensuing motion for reconsideration was denied by another compensation judge. Avendano has not appealed that order and, as such it is not subject to this appeal. See R. 2:5-1(e)(3)(i); 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004).

TOTALITY UNDER THE ODD-LOT DOCTRINE
REQUIRED A DISMISSAL.

II. THE COURT SHOULD HAVE HELD A
PLENARY TRIAL AS TO THE EXTENT AND
NATURE OF DISABILITY, REGARDLESS OF THE
ODD-LOT DETERMINATION[.]

We reject these contentions and affirm.

Our scope of a review in a workers' compensation case is narrow. Sager v. O.A. Peterson Constr. Co., 182 N.J. 156, 163-64 (2004). We have long recognized workers' compensation judges are considered experts "with respect to weighing the testimony of competing medical experts and appraising the validity of compensation claims." Ramos v. M & F Fashions, Inc., 154 N.J. 583, 598 (1998). Our review of such cases therefore is limited to "whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Lindquist v. City of Jersey City Fire Dep't, 175 N.J. 244, 262 (2003) (citation omitted).

Pursuant to the odd-lot doctrine, permanent "total disability may be based on factors other than purely medical ones." Lister v. J.B. Eurell Co., 234 N.J. Super. 64, 75 (App. Div. 1989). The odd-lot doctrine imposes responsibility on

an employer for "a worker whose unemployability on a regular basis in a reasonably stable job market results not only from the direct medical consequences of a work-connected accident but also from the combination of those [ramifications], in themselves less than totally disabling, with the worker's personal handicaps." Darmetko v. Electron Tech., 243 N.J. Super. 536, 540 (App. Div. 1990) (alteration in original) (citation omitted). "Under the doctrine, the worker is viewed in the [context] of the competitive marketplace, . . . where his inability to sell his labor may be traceable to his [personal] background superimposed upon his physical disability." Ibid. (citation omitted).

Codifying the odd-lot doctrine, N.J.S.A. 34:15-36 states, in pertinent part:

> Factors other than physical and neuropsychiatric impairments may be considered in the determination of permanent total disability, where such physical and neuropsychiatric impairments constitute at least 75% or higher of total disability.

In determining whether a petitioner is totally disabled under the odd-lot doctrine a judge of compensation may therefore consider the petitioner's education, training, age, background, and substantial "unlikelihood of finding employment, absent a charitable employer." Lister, 234 N.J. Super. at 75. Relevant here, inability to understand the English language can provide the basis

for application of the odd-lot doctrine. 7 Larson's Workers' Compensation Law, §§ 83.04 & 83.05 (2019).

Based on our review of the record and the applicable legal principles, we conclude Avendano's contentions are without sufficient merit to warrant further discussion in our written opinion. R. 2:11-3(e)(1)(E). Pursuant to our limited standard of review, Sager, 182 N.J. at 163-64, we affirm, substantially for the reasons expressed in the judge's well-reasoned decision, which "is supported by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D). We only add the following brief remarks.

The judge properly evaluated the experts' credibility and made fact-finding determinations that are entitled to our "substantial deference." See Ramos, 154 N.J. at 594. The judge's credibility determination of Avendano's testimony likewise is unassailable. Because the judge of compensation is considered to have "expertise with respect to weighing the testimony of competing medical experts and appraising the validity of [the petitioner's] compensation claim[,]" id. at 598, we discern no reason to disturb her findings.

We also reject Avendano's contention that the judge impermissibly precluded her from presenting medical testimony regarding her claimed increase in permanent partial disability in an alleged second-phase of the trial.

Avendano's contention on appeal that the matter was "bifurcated" is unsupported. Instead, the record reveals the parties agreed that the issue at trial was limited to Avendano's claim of total disability under the odd-lot doctrine.[4]

Also, at the conclusion of testimony, the judge stated, "[t]his is an appropriate time to close the record." Avendano did not object nor inform the court that additional testimony would be required if she determined petitioner was not totally disabled under the odd-lot doctrine. The judge rendered her decision during the next court proceeding, without any similar objection or advisement from Avendano's counsel. The record simply is devoid of any indication that Avendano intended to bifurcate the trial or present any evidence other than her claim for total disability under the odd-lot doctrine.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] At the start of trial, Avendano's counsel referenced "the issue of Medicare and perhaps Medicare conditional payment," stating "[p]etitioner is a Medicare recipient for a number of years." No testimony was adduced concerning that issue, and it is not raised on appeal. An issue not briefed is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).

A-1609-18T2